UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| PATRICK PIZZELLA, Acting Secretary of Labor, United States Department of Labor,[1] | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil No. 19-10369-LTS ) |
| TARA CONSTRUCTION, INC., et al., | ) ) |
| Defendants. | ) ) ) |

ORDER ON MOTION TO DISMISS COMPLAINT (DOC. NO. 6)

September 26, 2019

SOROKIN, J.

In this action, the United States Department of Labor, through its Acting Secretary, accuses Tara Construction, Inc. ("Tara") and its Chief Executive Officer of violating federal law by unlawfully retaliating against employee Jose Martin Paz Florez ("Paz"), after his fall from a ladder led to an inquiry by the Occupational Safety and Health Administration ("OSHA"). The Complaint alleges Paz engaged in protected activity by reporting his injury to his employer, Doc. No. 1 ¶¶ 16, 18-19, and by causing OSHA to investigate Tara and the incident, id. ¶¶ 20-22.[2] It

---

[1] The original plaintiff in this action was now-former Secretary of Labor R. Alexander Acosta. Pursuant to Federal Rule of Civil Procedure 25(d), substitution of Pizzella, Acosta's successor, is appropriate. See U.S. Dep't of Labor, Office of the Secretary, http://www.dol.gov/osec (last visited Sept. 25, 2019).

[2] One can reasonably infer from the Complaint, which alleges Paz was transported to the hospital by ambulance, Doc. No. 1 ¶ 14, and that a representative of the Boston Fire Department reported the incident to OSHA that day, id. ¶ 21, that the OSHA report arose from Paz's interaction with emergency medical personnel after his fall. See Fothergill v. United States, 566 F.3d 248, (1st Cir. 2009) (requiring courts ruling on motions "made on the pleadings" to "take as true all well-pleaded facts," "scrutinize them in the light most hospitable to the plaintiff[]," and "draw all reasonable inferences therefrom in the plaintiff['s] favor").

further alleges that the defendants took adverse actions against Paz by initiating a law enforcement investigation of him, then facilitating his arrest by immigration authorities. Id. ¶¶ 26, 35-49. And, it alleges a causal link between Paz's protected activity and the adverse action, as well as resulting physical, financial, and emotional damages. Id. ¶¶ 52, 84-91.

The defendants seek dismissal, arguing the Complaint fails to state a claim and is moot. See generally Doc. No. 7. Their motion is accompanied by more than a hundred pages of exhibits, a majority of which this Court cannot presently consider. See Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993) (acknowledging only "narrow exceptions" to general rule foreclosing consideration of documents not attached to or expressly incorporated in a complaint).[3] Setting such extraneous information aside, and applying the familiar standard, see Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 8-13 (1st Cir. 2011), the Court easily concludes that the Acting Secretary has supplied more than sufficient factual allegations to state a facially plausible claim of retaliation by the defendants in violation of 29 U.S.C. § 660(c). Whether the evidence will ultimately bear out that claim is a question for another day.

Accordingly, the defendants' motion to dismiss (Doc. No. 6) is DENIED.

SO ORDERED.

  /s/ Leo T. Sorokin
United States District Judge

---

[3] The defendants have not asked the Court to convert their motion to one seeking summary judgment, nor has the Acting Secretary consented to consideration of matters beyond the Complaint (let alone agreed that the proffered documents are authentic and complete). Although the defendants have submitted an affidavit of Tara's president with eleven supporting exhibits, Doc. No. 8, they have affirmatively addressed the Court's ability to consider only two of those items, Doc. No. 7 at 14 n.9. Moreover, the defendants admittedly included in their brief information that is "not necessary for purposes of the captioned motion to dismiss," id. at 8 n.5, without delineating what they felt was necessary and what was not. In these circumstances, the defendants have not established that any documents or exhibits beyond the four corners of the Complaint are properly before this Court in connection with a Rule 12 motion.