UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>TARA CONSTRUCTION, INC.; and PEDRO PIREZ, an individual,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 1:19-cv-10369-LTS

## ANSWER AND JURY DEMAND

For their Answer, Defendants Tara Construction, Inc. ("Tara") and Pedro Pirez ("Pirez") state as follows, in which all allegations not expressly admitted are denied. The Complaint's introductory passage on page 1 of the Complaint requires no admission or denial.

## I.     LEGAL FRAMEWORK, JURISDICTION, AND VENUE

1.     Paragraph 1 purports to quote a section of the United States Code that speaks for itself, or to argue a conclusion of law. No admission or denial is required. Defendants deny the remaining allegations of paragraph 1.

2.     Paragraph 2 purports to quote a section of the United States Code that speaks for itself, or to argue a conclusion of law. No admission or denial is required. Defendants deny the remaining allegations of paragraph 2.

3.     Paragraph 3 quote a section of the United States Code that speaks for itself, or to argue a conclusion of law. No admission or denial is required. Defendants deny the remaining allegations of paragraph 3.

4.      Paragraph 4 states a legal conclusion to which no admission or denial is required. Defendants deny the remaining allegations of paragraph 4.

5.      The first sentence of Paragraph 5 states a legal conclusion to which no admission or denial is required.  Tara admits to having a place of business in Massachusetts.  Pirez admits to residing in Massachusetts.  Defendants admit that at least some of the events described in the Complaint occurred in Massachusetts, but they are unable to admit to an encompassing description lacking details regarding the "events giving rise to the claims in this case."  Therefore they deny that allegation as made.  Defendants deny the remaining allegations of paragraph 5.

## II.      THE COMPLAINANT AND DEFENDANTS

6.      Admitted.

7.      Paragraph 7 does not allege sufficient facts for Defendants to admit or deny whether the statement regarding Paz's employment status was "according to Pirez."  Defendants admit that Jose Martin Paz Flores ("Paz") was an employee and deny the remaining allegations of paragraph 7.

8.      Admitted.

9.      Admitted.

10.      Defendants admit that Pirez was Tara's chief executive officer during the dates encompassing the allegations of the Complaint (March 29 to May 18, 2017) and deny the remaining allegations of paragraph 10.

11.      Paragraph 11 states a legal conclusion to which no admission or denial is required.  To the extent further response is required, the allegations are denied.

12.      Defendants are without sufficient information to admit or deny the allegations of paragraph 12.

765454

**III.    DEFENDANTS UNLAWFULLY RETALIATED AGAINST PAZ**

A.    <u>The Secretary's Prima Facie Case</u>

**Paz Engaged in Protected Activities Under the Act**

13.    Defendants admit that Paz broke his leg and are without sufficient information to admit or deny the remaining allegations of paragraph 13 and therefore deny them.

14.    Admitted.

15.    Admitted.

16.    Denied.

17.    Pirez and a member of the hospital staff discussed Paz's condition.  Defendants are without sufficient information to admit or deny the allegations of paragraph 17 and therefore deny same.

18.    Denied.

19.    Defendants admit that John Cronin, a Tara foreman, prepared the Employer's First Report of Injury or Fatality.  The document speaks for itself.  The document does not "state that Paz's injury was reported to Cronin."  Defendants deny the remaining allegations of paragraph 19.

20.    Denied.

21.    Defendants are without sufficient information to admit or deny the allegations of paragraph 21.

22.    Defendants are without sufficient information to admit or deny the allegations of paragraph 22.

23.    Defendants admit that Occupational Safety and Health Administration ("OSHA") contacted Tara by telephone and facsimile transmittal on March 29, 2017, and that Tara and

OSHA discussed an investigation.  Tara's writings speak for themselves.  Defendants are without

sufficient information to admit or deny the remaining allegations of paragraph 23 and therefore

deny them.

24.     Defendants are without sufficient information to admit or deny the allegations of

paragraph 24 and therefore deny them.

25.     Defendants are without sufficient information to admit or deny the allegations of

paragraph 25 and therefore deny them.

**Defendants Took Adverse Action Against Paz**

26.     Denied.

27.     Defendants are without sufficient information to admit or deny the allegations of

paragraph 27.  Insofar as the quoted language in paragraph 27 originates from a particular

document or transcript, the document or transcript speaks for itself.

28.     Defendants are without sufficient information to admit or deny the allegations of

paragraph 28.  Insofar as the quoted language in paragraph 28 originates from a particular

document or transcript, the document or transcript speaks for itself.

29.     Defendants admit that hospital personnel spoke on the telephone with Michael

Donnelly about Paz.  The hospital asked for the name of Tara's workers' compensation

insurance carrier and for a claim number.  Defendants deny the remaining allegations of

paragraph 29.

30.     Defendants admit that Tara's workers' compensation insurance carrier denied

coverage related to Paz's injury but deny paragraph 30's characterization of the discussion. Tara

had timely paid $380,474 for its regular workers' compensation premium.  A coverage lapse

occurred because (by oversight) Tara was late to pay for an additional endorsement costing

another $2,915.  On day of the cancellation, Tara set to curing the lapse and reinstating full workers' compensation coverage by sending a check (which the insurer cashed) for payment of the overlooked $2,915.  The check to the insurer was issued on March 28, 2017, and faxed and overnight-mailed that day, on the insurer's representation to Tara that the lapse would be cured upon faxed evidence of payment.  This occurred prior to the date of Paz's injury.

31.    Defendants are presently without sufficient information to admit or deny the allegations of paragraph 31.  Insofar as the quoted language in paragraph 31 originates from a particular document or transcript, the document or transcript will speak for itself.

32.    Denied.

33.    Admitted.

34.    On information and belief, the evidence to which paragraph 34 refers is the evidence derived by OSHA.  Tara does not possess OSHA's investigation file and will not agree to its completeness or accuracy.  Defendants are without sufficient information to admit or deny and therefore deny the allegations of paragraph 34.

35.    Defendants admit that Pirez spoke with Juan Seoane and deny paragraph 35's characterization of the conversation.  Insofar as the characterization is from a particular document or transcript, the document or transcript speaks for itself.

36.    Defendants are without sufficient information to admit or deny the allegations of paragraph 36.

37.    Defendants are without sufficient information to admit or deny the allegations of paragraph 37.

38.    Defendants are without sufficient information to admit or deny the allegations of paragraph 38.

765454

39.     Defendants admit that, when Pirez and Juan Seoane spoke, Paz was not working for Tara.  Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 39 and therefore deny them.

40.     Defendants admit that prior to the conversation alleged Pirez had offered to give Paz money and that Paz accepted.  Defendants deny the remaining allegations of paragraph 40.

41.     Defendants are without sufficient information to admit or deny the allegations of paragraph 41.  Insofar as the alleged quotation in paragraph 41 originates from a particular document or transcript, the document or transcript speaks for itself.

42.     Defendants are without sufficient information to admit or deny the allegations of paragraph 42 and therefore deny them.  The referenced text messages speak for themselves.

43.     Defendants are without sufficient information to admit or deny the allegations of paragraph 43.

44.     Admitted that Sergeant Gallagher contacted Pirez and that Gallagher went to Tara's office. Otherwise denied.

45.     Defendants admit that Pirez gave Paz money, but are without sufficient information to admit or deny Pirez's words as alleged.  Insofar as paragraph 45's characterization of a conversation originates from a particular document or transcript, the document or transcript speaks for itself.

46.     Defendants are without sufficient information to admit or deny the allegations of paragraph 46.

47.     Denied that Pirez told Gallagher the date and time when Paz would be at Tara's office.  Admitted that Gallagher asked Pirez "do you have a problem if we pick him up?" to which Pirez answered no.  Defendants deny the remaining allegations of paragraph 47.

765454

48.     Admitted that Paz came to Tara's office to pick up the money that Pirez was giving to him.  Otherwise denied.

49.     Defendants are without sufficient information to admit or deny the allegations of paragraph 49.

50.     Defendants are without sufficient information to admit or deny the allegations of paragraph 50.

51.     Denied.

**Paz's Protected Activity Caused Defendants to Take Adverse Action Against Him**

52.     Paragraph 52 states a legal conclusion to which no admission or denial is required.  To the extent further response is required, the allegations are denied.

B.     Defendants' Alleged Rationales for Their Adverse Action Are Pretextual

53.     Admitted.

54.     Defendants are without sufficient information to admit or deny the allegations of paragraph 54.  Insofar as the quoted language in paragraph 54 originates from a particular document or transcript, the document or transcript speaks for itself.

55.     Denied.

**Defendant Pirez's Alleged Concern Regarding Paz's Identity is Not Plausible**

56.     Defendants are without sufficient information to admit or deny the allegations of paragraph 56.

57.     Defendants are without sufficient information to admit or deny the allegations of paragraph 57, which fails to identify the "various government documents" to which it refers.

58.     Paragraph 58 fails to identify "Paz's culture."  Defendants are without sufficient information to admit or deny paragraph 58's allegations.

765454

59.     Defendants admit that Paz applied for work at Tara using a Social Security Card bearing the name Martin Paz and a Permanent Resident card bearing the name Martin Paz, and that Defendants accepted his representation of his identity.  Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 59.

60.     John Cronin is often called by his nickname, "Shane."  The allegations of paragraph 60 are otherwise denied.

61.     Paragraph 61 does not purport to identify the conversation or writing in which Pirez is alleged to have "referred to his foreman as 'Shane Cronin.'" Accordingly Defendants deny the allegation.  They admit that John Cronin is often called by his nickname.

62.     Defendants admit that John Cronin John Cronin prepared the Employer's First Report of Injury or Fatality.  He wrote his name as "John Cronin" because his name is John Cronin.  Insofar as the quoted language in paragraph 62 originates from a particular document or transcript, the document or transcript will speak for itself.  Defendants are without sufficient information to admit or deny the remaining allegations of paragraph 62.

63.     As with paragraph 34, Defendants cannot answer an allegation beginning with the phrase "there is no evidence that…." They deny the allegations of paragraph 63.

64.     Defendants are without sufficient information to admit or deny the allegations of paragraph 64 and therefore deny them.  Insofar as paragraph 64's characterization of a communication originates from a particular document or transcript, the document or transcript speaks for itself.

65.     Paragraph 65 does not allege sufficient facts for Defendants to admit or deny whether the statement regarding Paz's employment status was "according to Pirez." Insofar as paragraph 65's characterization of a communication originates from a particular document or

765454

transcript, the document or transcript speaks for itself.  Further answering, Pirez believed that the injured worker's name was Martin Paz.  Pirez did not think that the worker went by a different name, whether Jose or anything else.

**Defendant Pirez's Testimony to OSHA That He Did Not Facilitate Paz's Arrest Is Contradicted by the Account of a Credible Witness and Documentary Evidence**

66.     The testimony that paragraph 66 characterizes is in a transcript that speaks for itself.  Defendants deny the remaining allegations of paragraph 66.

67.     Paragraph 67 is argument.  The allegedly conflicting testimonies to which it refers are, on information and belief, contained in transcripts that speak for themselves.  Defendants deny the remaining allegations of paragraph 67.

68.     Defendants are without sufficient information to admit or deny the allegations of paragraph 68 and therefore deny them.  Insofar as paragraph 68's characterization of a communication originates from a particular document or transcript, the document or transcript speaks for itself.

69.     Paragraph 69 is argument.  The allegedly conflicting statements and writings to which it refers speak for themselves.  Defendants deny the remaining allegations of paragraph 69.

70.     Defendants are without sufficient information to admit or deny the allegations of paragraph 70 and therefore deny them.  Paragraph 70 characterizes certain text messages that speaks for themselves.

71.     Defendants are without sufficient information to admit or deny the allegations of paragraph 71.  The transcript or testimony to which it refers speaks for itself.

72.     Paragraph 72 is argument.  The records to which it implicitly refers speak for themselves.

9

73.     Defendants are without sufficient information to admit or deny the allegations of paragraph 73.  Paragraph 73 characterizes telephone records that speak for themselves.

74.     Defendants do not know what "telephone records…the Secretary has obtained" and therefore are without sufficient information to admit or deny allegations about their contents. The records speak for themselves.

75.     Paragraph 75 is argument.  The records to which it implicitly refers speak for themselves.

76.     Paragraph 76 is argument.  Otherwise denied.

**Defendant Pirez Is Hostile Toward Workers Around Issues of Workplace Safety**

77.     Paragraph 77 makes allegations that the Secretary characterizes as "unrelated to this case."  Defendants admit that much.  They deny remaining characterizations.  If the unrelated incident becomes relevant Defendants will provide evidence and testimony as necessary.

78.     Paragraph 78 refers to the unrelated incident alleged in paragraph 77.  The transcript or testimony that paragraph 78 purports to quote speaks for itself.

79.     Paragraph 79 is argument.  Otherwise denied.

**There Was a Motive for Defendant Pirez to Take Adverse Action Against Paz**

80.     Paragraph 80 combines the allegations of paragraphs 13, 20, and 23.  Defendants incorporate their answers to those paragraphs and otherwise deny the allegations of paragraph 80.

81.     Paragraph 81 purports to state a legal conclusion to which no response is required. Defendants deny the remaining allegations of paragraph 81.

82.     Paragraph 82 implicitly refers to a statement or testimony for its allegation of what, "according to Tara Construction's president, Michael Donnelly," no one saw.

Insofar as paragraph 82's characterization originates from a particular document or transcript, the document or transcript speaks for itself.  Defendants deny the remaining allegations of paragraph 82.

83.     Denied.

## IV.     PAZ EXPERIENCED EMOTION DISTRESS, PAIN AND SUFFERING, AND FINANCIAL LOSS AS A RESULT OF DEFENDANTS' RETALIATION

84.     Denied.

85.     Denied.

86.     Defendants are without sufficient information to admit or deny the allegations of paragraph 86.

87.     Defendants are without sufficient information to admit or deny the allegations of paragraph 87.

88.     Defendants are without sufficient information to admit or deny the allegations of paragraph 88.

89.     Defendants are without sufficient information to admit or deny the allegations of paragraph 89.

90.     Defendants are without sufficient information to admit or deny the allegations of paragraph 90.

91.     Defendants are without sufficient information to admit or deny the allegations of paragraph 91.

## V.     PUNITIVE DAMAGES ARE NECESSARY AND APPROPRIATE

92.     Denied.

765454

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Secretary's Complaint fails to state a claim.

### SECOND AFFIRMATIVE DEFENSE

The injured worker did not engage in protected conduct.

### THIRD AFFIRMATIVE DEFENSE

Defendants were without prior knowledge of the injured worker's alleged protected conduct.

### FOURTH AFFIRMATIVE DEFENSE

The Defendants' actions were the product of legitimate, non-retaliatory motives and concerns.

### FIFTH AFFIRMATIVE DEFENSE

The Defendants' responses to OSHA and the Massachusetts Department of Industrial Accidents, and Defendants' corrective actions in connection therewith, negate and disprove any inference of retaliatory intent.

### SIXTH AFFIRMATIVE DEFENSE

The Secretary's claim is moot.

### SEVENTH AFFIRMATIVE DEFENSE

The injured worker's alleged harm was caused by someone other than Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

The injured worker's alleged harm resulted from a superseding intervening cause.

### DEMAND FOR JURY TRIAL

DEFENDANTS DEMAND A JURY ON ALL CLAIMS SO TRIABLE.

765454

Respectfully submitted,

TARA CONSTRUCTION, INC. and
PEDRO PIREZ, an individual

By their attorneys,

*/s/ Daniel J. Dwyer*
Daniel J. Dwyer (BBO No. 567026)
Andrea L. MacIver (BBO No. 569280)
MURPHY & KING, P.C.
One Beacon Street, 21st Floor
Boston, MA 02108
ddwyer@murphyking.com
amaciver@murphyking.com
(617) 423-0400

Dated:  October 18, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2019, a copy of the foregoing was filed electronically via the Court's CM/ECF system.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Daniel J. Dwyer*
Daniel J. Dwyer

765454