UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor,[1] | ) ) ) ) |  |
| Plaintiff, | ) ) ) |  |
| v. | ) ) | Civil No. 19-10369-LTS |
| TARA CONSTRUCTION, INC., and PEDRO PIREZ, an individual | ) ) ) ) |  |
| Defendants. | ) ) |  |

ORDER ON MOTION FOR
PROTECTIVE ORDER (DOC. NO.42) AND MOTION TO INTERVENE (DOC. NO. 44)

October 7, 2020

SOROKIN, J.

Before the Court are the Secretary of Labor's Motion for a Protective Order (Doc. No. 42) and Jose Martin Paz Flores's Motion to Intervene for the Limited Purpose of Seeking a Protective Order (Doc. No. 44). For the reasons given, Paz's Motion to Intervene (Doc. No. 44) is ALLOWED and both Paz and the Secretary's Motions for a Protective Order (Docs. No. 42 and 44-1) are DENIED, subject to the conditions herein.

I.   BACKGROUND

The Secretary of Labor sued the Defendants alleging that the Defendants retaliated against an employee (Paz) for reporting a workplace injury to the Occupational Safety and Health Administration ("OSHA") by contacting law enforcement to inquire into Paz's identity.

---

[1] The original plaintiff in this action was now-former Secretary of Labor R. Alexander Acosta. Pursuant to Federal Rule of Civil Procedure 25(d), substitution of Scalia, Acosta's successor, is appropriate.

Doc. No. 35 ¶¶ 26, 36.  This inquiry allegedly resulted in the arrest of Paz, facilitated by his employer, in the vicinity of his workplace.  Doc. No. 35 ¶¶ 47, 49.  Defendants have subpoenaed certain confidential criminal records and related information regarding Paz from the Boston Police Department.  See Doc. No. 43-1.  The Secretary has moved for a protective order quashing the subpoena in whole or in part.  Doc. No. 42.  Paz has filed a motion to intervene and for a protective order.  Doc. No. 44.  The Defendants oppose both motions and attack the Secretary's standing to challenge the subpoena.  Doc. No. 47.  In the alternative, Defendants argue that if the Secretary has standing then Paz's Motion to Intervene should be denied because the Secretary already adequately represents Paz's interests. Doc. No. 47 at 3 n.3.

II.   DISCUSSION

    A.   The Secretary's Standing and Paz's Motion to Intervene

Defendants' standing arguments are simply beside the point.  The Secretary brought this lawsuit. That alone authorizes the Secretary to challenge, as he does here, discovery sought by the Defendants as being beyond the scope of Rule 26.  See, e.g., Bingham v. Supervalu Inc., No. CV 13-11690-IT, 2014 WL 12792989, at *3 (D. Mass. July 11, 2014), *objections overruled*, No. 13-CV-11690-IT, 2014 WL 5426955 (D. Mass. Oct. 24, 2014) ("[A] court may effect the relief sought by a party contesting a subpoena even if the moving party lacks standing to do so on its own behalf." (citing Fed. R. Civ. P. 26(b)(2)(C))).  The Defendants' arguments to the contrary are frivolous.

Paz is entitled to intervene to challenge discovery requests seeking information about himself that is protected as confidential under state and federal law.  It is true that Paz and the Secretary are seeking similar relief at the moment, but it is conceivable that their interests may diverge in the future.  Accordingly, Paz's Motion to Intervene (Doc. No. 44) is

ALLOWED. The Court will consider Paz's filings as to whether to quash the subpoena (Docs. No. 44-1 and 44-2) and, as explained below, any further filings in future litigation, if any, over the admissibility or use of the fruits of the subpoena.

> B.    The Motions to for a Protective Order

The information the Defendants seek is within the scope of discovery. Here the Complaint alleges that the Defendants retaliated against Paz by contacting a police officer, who was apparently a relative of one of the Defendants, for information about Paz's identity and that this contact led to Paz's arrest. See Doc. No. 35 ¶ 35. This is therefore unlike cases in which a whistleblower's criminal record (if any) is unrelated to the substance of the Complaint's allegations. For this reason, the Court DENIES the Motions to for a Protective Order (Docs. No. 42 and 44-1) subject to the following conditions:

1. The Boston Police Department shall provide whatever information is responsive to the subpoena to counsel for the Defendants, counsel for the Secretary, and counsel for Paz.

2. The information provided in response to the subpoena is "Attorneys Eyes Only" meaning that only the attorneys of record for the parties listed in paragraph 1 may review this information or the documents produced. Counsel for Paz may share it with Paz. The use of the documents or information is limited to this case and must be destroyed within 30 days after the completion of all appeals, absent further order of the Court, with a certification of destruction filed by each counsel. Counsel for Paz is exempted from this last requirement.

3. Counsel may share the information with other attorneys, staff, or experts actually assisting with this case provided each such person executes, under oath, an acknowledgment that he or she has read the terms of this Order and agrees to abide by it.

    The parties shall agree on the terms of the acknowledgment.  Lead counsel shall maintain each acknowledgement and file them with the Court upon the conclusion of fact discovery.  The acknowledgement filing may be made ex parte and under seal.

4. The documents and information provided in response to the subpoena may be used <u>only</u> in this case.  The documents and information shall not be filed on the public docket absent a specific order so authorizing.  Any counsel seeking to file the documents or information on the docket shall do so under seal.

    One further point bears comment.  Defendants argue that "the jury" is entitled to hear the information they anticipate receiving from the Boston Police Department.  Doc. No. 47 at 10.  That is a question not presently nor properly before the Court.  At issue is a question of discovery.  Defendants are entitled to the documents and information under the conditions established by the Court.  Whether the documents and information are relevant and admissible in the future are questions whose resolution is premature.

III. <u>CONCLUSION</u>

    For the reasons given, Paz's Motion to Intervene (Doc. No. 44) is ALLOWED and both Paz and the Secretary's Motions for a Protective Order (Docs. No. 42 and 44-1) are DENIED, subject to the conditions herein.

                                SO ORDERED.

                              /s/ Leo T. Sorokin
                              Leo T. Sorokin
                              United States District Judge