**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> TARA CONSTRUCTION, INC. and PEDRO PIREZ, <br><br> Defendants. | Case No. 19-CV-10369-AK |

<u>**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION**</u>
<u>**TO ADMIT EVIDENCE CONCERNING 2017 INTERVIEW OF DEFENDANT PIREZ**</u>

**A. KELLEY, D.J.**

Plaintiff's Motion to Admit Evidence Concerning the 2017 OSHA Interview of Defendant Pedro Pirez, [Dkt. 178], is **GRANTED**.  Plaintiff may, in his case-in-chief, introduce each of the three forms of evidence contemplated by the motion—the segments of the audio recording of the interview of Mr. Pirez, the email and attachment concerning Mr. Pirez's phone, and the Section 1001 form—for the limited purposes of (1) establishing that Mr. Pirez's stated reasons for contacting Detective Seoane were pretextual; and (2) establishing a basis for punitive damages.

The evidence at issue here is not hearsay because Plaintiff does not seek to prove the truth of the matter asserted.  Plaintiff is permitted to introduce out-of-court statements to show, through subsequent testimony, that Mr. Pirez lied during his 2017 OSHA interview.  <u>See</u> <u>United</u>

1

States v. Munson, 819 F.2d 337, 340 (1st Cir. 1987).  Further, any statements of Mr. Pirez are admissions of a party-opponent.  Fed. R. Evid. 801(d)(2).

The proposed evidence is relevant for the purposes of establishing the inference Mr. Pirez made false or misleading statements to OSHA investigators.  Plaintiff may pursue this inference on two grounds.  First, Plaintiff may prove that Defendants' asserted explanation for Mr. Pirez's decision to contact Detective Seoane about Mr. Paz's identity is pretextual by attacking the plausibility of that explanation.  See Gómez-González v. Rural Opportunities, Inc., 626 F.3d 654, 662 (1st Cir. 2010) (holding that, in employment discrimination actions, "pretext can be shown by such . . . inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons" for its actions).  Accordingly, Plaintiff may offer Mr. Pirez's statements during this interview, to the extent they are inconsistent with, or contradictory to, other testimony or evidence to support its theory of pretext.  Second, the Court may consider a defendant's misconduct during an OSHA investigation in setting an award of punitive damages.  See Reich v. Cambridgeport Air Sys., Inc., 26 F.3d 1187, 1195 (1st Cir. 1994) (citing defendant's attempt to influence investigator through gifts as misconduct supporting award of punitive damages); see also Perez v. Fayad, 101 F. Supp. 3d 129, 134 (D. Mass. 2015) (evaluating whether defendant's conduct was "unusually reprehensible" in considering whether to award punitive damages).  Each of these permissible relevancies, however, is contingent on Plaintiff establishing, through prior or subsequent testimony, that Mr. Pirez's statements were false, misleading, or otherwise inconsistent with the facts of the case.  See Munson, 819 F.2d at 340.

**SO ORDERED.**

June 3, 2022                                                    /s/ Angel Kelley
                                                                      ANGEL KELLEY
                                                                      U.S. DISTRICT JUDGE