UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>TARA CONSTRUCTION, INC. and PEDRO PIREZ,<br><br>Defendants. | Case No. 19-CV-10369-AK |

### MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR LEAVE TO TAKE TRIAL TESTIMONY BY VIDEOCONFERENCE

**A. KELLEY, D.J.**

Defendants' Motion for Leave to Take Trial Testimony of Kirk McGee by videoconference is **GRANTED**.

Federal Rule of Civil Procedure 43 ordinarily requires that a witness's testimony at trial be taken in open court. However, the Court "may permit testimony in open court by contemporaneous transmission from a different location" where a party presents "good cause in compelling circumstances" and assures the Court of "appropriate safeguards." Fed. R. Civ. P. 43(a). The Advisory Committee notes to Rule 43 emphasize that "the importance of presenting live testimony in court cannot be forgotten," that remote testimony "cannot be justified merely by showing that it is inconvenient for the witness to attend trial," and that courts should consider whether the party requesting remote testimony could have "reasonably foresee[n] the

1

circumstances" that would render live testimony impracticable.  Fed. R. Civ. P. 43 Advisory Comm. N. to 1996 Amd.

Here, the Court is satisfied that Defendants have established good cause and compelling circumstances to permit Mr. McGee to testify by videoconference.[1]  Mr. McGee was the leader of Plaintiff's OSHA investigation, which formed the basis for Plaintiff's Complaint.  He now resides out of state following his recent retirement.  As discussed further below, Mr. McGee's residence is further than 100 miles from the site of trial and he cannot be subpoenaed to give live trial testimony.  See Fed. R. Civ. P. 45(c); Warner v. Cate, No. 1:12-cv-1146, 2015 WL 4645019, at *1 (E.D. Cal. Aug. 4, 2015) (holding that "good cause and compelling circumstances may exist where a significant geographic distance separates the witness from the location of court proceedings").  Mr. McGee relayed through Plaintiff's counsel a reluctance to testify by stating "his preference is not to be involved as a witness," and Plaintiff's refusal to produce him for trial leaves videoconference as the only option to secure his live trial testimony.

Further, the record reflects that Plaintiff's actions frustrated Defendants' efforts to secure Mr. McGee's live testimony at trial by withholding his address, and consequently inhibited Defendants from timely designating Mr. McGee's deposition transcript for use in lieu of live trial testimony.  On April 13, 2022, Defendants' counsel timely requested Mr. McGee's address so that he could be served with a summons.  [Dkt. 186-1].  Plaintiff's counsel replied that she would "look into it" and expressed ambivalence as to whether Plaintiff would call Mr. McGee as a witness.  [Id.]  Defendants' counsel then unequivocally stated an intention to call Mr. McGee as a defense witness.  [Id.]  However, Plaintiff's counsel did not disclose Mr. McGee's address and confirm that she would not call him as a witness until 8:21 PM on April 25, 2022—that is, hours

---

[1] Plaintiff does not dispute that "appropriate safeguards" exist for Mr. McGee's remote testimony, as is required by Rule 43.  The Court will accept Mr. McGee's testimony through its secure ZoomGov videoconferencing line.

after the close of business on the final day on which Defendants could have designated Mr. McGee's deposition transcript for use at trial. [Dkt. 200-2]. Plaintiff's delay in providing this information hindered Defendants' ability to elicit Mr. McGee's testimony through alternate means and contributed to the Court's finding of good cause and compelling circumstances for Defendants to take his testimony via videoconference.

Defendants may properly subpoena Mr. McGee at his Florida address under Federal Rule of Civil Procedure 45. Although the Court may not command Mr. McGee's physical presence at trial because he does not reside or conduct business in Massachusetts or within 100 miles of the site of the trial, Fed. R. Civ. P. 45(c)(1), its subpoena power may reach Mr. McGee in Florida for the purposes of commanding his presence by videoconference from his home, or from any location within 100 miles of his home. The 100-mile limitation of Rule 45(c) restricts the place of *compliance* with the subpoena, not the location of the court from which the subpoena issues. Again, the Advisory Committee notes are instructive: when Rule 45(c) was drafted in 2013, the Committee noted that under this new rule, "unlike the prior rule, place of *service* is not critical to place of *compliance*." Fed. R. Civ. P. 45 Advisory Comm. N. to 2013 Amd. (emphasis added). Accordingly, Rule 45 provides that compliance "may be required within 100 miles of where the person subject to the subpoena resides," and where an Order—such as this—under Rule 43 authorizes "testimony from a remote location, the witness can be commanded to testify from any place" within the 100-mile radius described by Rule 45. Id.; see Official Comm. of Unsecured Creditors v. Calpers Corp. Partners LLC, No. 1:18-cv-68, 2021 WL 3081880, at *3 (D. Maine July 20, 2021) (collecting cases and interpreting Rule 45 to allow the Court to "compel the witness to give [video] testimony from a location within 100 miles of her residence" where there is "good cause in compelling circumstances").

3

The Court thus concludes that it may issue a subpoena under Rule 45, upon a finding of good cause and compelling circumstances, for a witness to provide remote testimony from any place within 100 miles of her residence, place of employment, or place where she regularly conducts business.  This interpretation, which derives naturally from the plain language of Rules 43 and 45 and their accompanying Advisory Committee notes, is the prevailing position among district courts both within and outside this circuit.  See, e.g., Official Comm. of Unsecured Creditors, 2021 WL 3081880, at *3 (collecting cases); In re Atty. Gen. of Quebec, No. 1:21-mc-00264, 2021 WL 4497145, at *3 (D. Maine Sept. 30, 2021) (applying reasoning of Official Committee of Unsecured Creditors); In re 3M Combat Arms Earplug Prods. Liability Litig., No. 3:19-md-2885, 2021 WL 2605957 at *4 (N.D. Fla. May 28, 2021) ("The Court concludes that a party may use a Rule 45 subpoena to compel remote testimony by a witness from anywhere so long as the place of compliance (where the testimony will be given by the witness and not where the trial will take place) is within the geographic limitations of Rule 45(c)"); International Seaway Trading Corp. v. Target Corp., No. 0:20-mc-86, 2021 WL 672990 at *5 (D. Minn. Feb. 22, 2021) (permitting a Missouri resident to be subpoenaed to testify by video in a Minnesota action by holding that "[v]irtual attendance … is consistent with the plain language of Rule 45(c)(1)(A) because he has been commanded to attend the deposition within 100 miles of where he resides."); In re DePuy Orthopaedics, Inc., No. 3:11-md-2244, 2016 WL 9776572, at *2 (N.D. Tex. Sept. 20, 2016) (applying similar reasoning).

Although the Court will permit Defendants to subpoena Mr. McGee for trial testimony by videoconference, it does not grant Defendants full rein to question Mr. McGee on all aspects of the investigation.  Defendants are permitted to question Mr. McGee on matters within his own personal knowledge that are relevant to disproving one or more elements of the Section 11(c)

charge, including his actions taken to investigate the claims.  Defendants are prohibited, however, from offering hearsay evidence regarding the reasons why Detective Seoane contacted Sergeant Detective Gallagher, why Sergeant Detective Gallagher contacted ICE, and why ICE ultimately arrested Mr. Paz.

**SO ORDERED.**

June 3, 2022                                                                                        /s/ Angel Kelley
                                                                                                            ANGEL KELLEY
                                                                                                            U.S. DISTRICT JUDGE