UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 19-CV-10369-AK |
| v. | ) ) | |
| TARA CONSTRUCTION, INC. and PEDRO PIREZ, | ) ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANTS' OBJECTIONS TO THE
COURT'S FINAL SUBSTANTIVE JURY INSTRUCTIONS**

Pursuant to Rule 51(c) and (d) of the Federal Rules of Civil Procedure, Defendants Tara Construction, Inc. and Pedro Pirez (together, "Defendants") hereby submit their objections to the Court's Final Substantive Jury Instructions provided to the parties on June 17, 2022 (the "Final Jury Instructions"). For the reasons set forth more fully below and in Defendants' Objections and Proposed Revisions to the Court's Proposed Substantive Final Jury Instructions (ECF Nos. 229 and 244) (the "Proposed Revisions"), Defendants object to the instructions contained in the Final Jury Instructions to the extent that they differ from the Proposed Revisions.

Defendants object to Instruction #2: Elements of a Section 11(c) Claim in the Final Instructions with respect to the Plaintiff's burden of proof regarding pretext, and incorporate the objections in their Proposed Revisions to the instruction on pretext. Any inference that the jury draws with respect to pretext must be made within the context of Plaintiff's burden of proving unlawful retaliation by a preponderance of the evidence. Defendants object to the instruction

regarding pretext to the extent that it fails to instruct the jury on the appropriate standard of proof.

Defendants object to Instruction #4: Adverse Action in the Final Instructions. Specifically, Defendants object to the instruction that an adverse action is one that "might have dissuaded a reasonable worker, in the position of Mr. Paz, from engaging in the protected activities." The inclusion of the similarly situated worker into the standard for adverse employment action contravenes the applicable legal standard. Moreover, this case concerns, in part, Defendants' actions in relation to law enforcement. The inclusion of the similarly situated worker into the adverse employment action standard in this case creates a risk that the jury will erroneously consider adverse employment action to require additional protections for employees that law enforcement officials have identified as subject to arrest.

Defendants object to Instruction #5: Causal Connection in the Final Instructions. As stated in the Proposed Revisions, Defendants object to the Court's application of but-for causation under Section 11(c), and state that the plain language of the statute requires that Plaintiff prove that Defendants' desire to retaliate against Mr. Paz for engaging in a protected was the but-for cause of their purported adverse employment action. Defendants further object to the exclusion of the clarifying instruction that Plaintiff can not prove a causal connection if the jury finds that Defendants' conduct would have remained the same regardless of whether Mr. Paz engaged in the protected activity.

Defendants also object to Instruction #5 to the extent that it instructs the jury that it must not focus on why anyone else acted in determining whether a causal connection exists between the alleged protected activities and adverse employment actions. As stated in their Proposed Revisions, Defendants have maintained and demonstrated that the actions of others provide

exculpatory evidence that the jury must consider in determining whether Defendants had any desire to retaliate against Mr. Paz when they engaged in the conduct that Plaintiff has alleged constitutes an adverse employment action.  The instruction to the jury concerning the actions of others creates an unnecessary risk that the jury shall fail to appropriately consider those actions, along with their foreseeability to the Defendants.  For those same reasons, Defendants object to the omission of an instruction concerning superseding and intervening causation in the Final Jury Instructions.  The jury must be permitted to consider the unforeseeable conduct of others in determining whether the Plaintiff has satisfied his burden of proving the requisite causal connection for the purpose of his Section 11(c) claim.

## **<u>CONCLUSION</u>**

For the foregoing reasons, Defendants object to the Final Jury Instructions and respectfully request that the Court adopt the Proposed Revisions.

Respectfully Submitted,

TARA CONSTRUCTION, INC. and
PEDRO PIREZ
By their Attorneys,


*/s/ Daniel J. Dwyer*
Daniel J. Dwyer (BBO #567026)
Derek T. Rocha (BBO #699524)
VERRILL DANA LLP
One Federal Street, 20th Floor
Boston, MA 02110
Tel.: (617) 309-2600
ddwyer@verrill-law.com
drocha@verrill-law.com

Date: June 21, 2022

4

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on June 21, 2022, a copy of the foregoing was filed electronically via the Court's CM/ECF system.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's CM/ECF System.

           <u>/s/ *Daniel J. Dwyer*      </u>
           Daniel J. Dwyer

20550082_1